IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:20-CV-00378-MTT-MSH |
| VS. | : | |
| | : | |
| BALDWIN STATE PRISON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Michael Davis, an inmate presently incarcerated at the Wilcox State Prison in Abbeville, Georgia, has filed a complete and proper motion for leave to proceed *in forma pauperis* (ECF No. 8). Plaintiff has also filed a motion for appointed counsel (ECF No. 6). For the following reasons, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 4, 8) are **GRANTED**; his motion for counsel is **DENIED**; and his § 1983 religious freedom claims against Defendants Singleton, Ashley, Winnington, Lawson, and Cambell and RLUIPA claims against Defendant Ward in his official capacity shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

I.   **Motions to Proceed *in Forma Pauperis***

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff

is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed *in forma pauperis* ("IFP") under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

In this case, Plaintiff's pauper's affidavit and trust account statement show that he is currently unable to prepay the Court's filing fee. Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 4, 8) are thus **GRANTED** and Plaintiff will be assessed an initial partial filing fee of $0.00. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

    A. <u>Directions to Plaintiff's Custodian</u>

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward

payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II.   Motion for Appointed Counsel

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 6).  As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court

considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Plaintiff's Motion for Appointment of Counsel (ECF No. 6) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

### III.     Preliminary Screening

#### A. Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

5

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his incarceration within the Georgia Department of Corrections ("GDC") system. According to the Complaint and Plaintiff's two Amended Complaints (ECF Nos. 3, 7), Plaintiff is a practicing Jew and was approved to receive kosher meals at Baldwin State Prison after being verified as a "register[ed] Jew in the Jewish archives." Am. Compl. 5, ECF No. 3.[2] Despite this approval, however, Plaintiff contends he was transferred to Wilcox State Prison ("WSP"), which was "not equip[ped] to provide [him] with kosher meals and Jewish services and a rabbi." *Id.* Plaintiff alleges that he has "lost 30 pounds in 2 months" due to the discontinuation of his kosher meals, and he contends that Defendants' failure to accommodate his religion violates his rights under the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq. Id.* at 6. Plaintiff also appears to allege that he has been retaliated against because he filed this lawsuit. Compl. 4, ECF No. 1. As a result of these alleged violations, Plaintiff primarily seeks injunctive relief. *Id.*

---

[2] Plaintiff's original Complaint is almost illegible, but as best as the undersigned can tell the allegations therein are nearly the same as those raised in Plaintiff's First Amended Complaint. Plaintiff's Second Amended Complaint appears to simply add additional Defendants to the case. The undersigned has considered all three of these documents for purposes of preliminary screening pursuant to 28 U.S.C. § 1915A and § 1915(e).

6

## 1. Religious Freedom Claims

The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. "[P]rison inmates retain protections afforded by the First Amendment's Free Exercise Clause," and prison officials may thus limit a prisoner's exercise of sincerely held religious beliefs only if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (per curiam) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011). "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Governor for Ala.,* 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted).

Plaintiff's allegations are sufficient to warrant further factual development. While Defendants may have penological interests that would justify their restrictions on Plaintiff's ability to practice his religion, at this stage of the litigation the bases for those interests are not clear. *Johnson*, 581 F. App'x at 780-81 (reversing district court's dismissal of RLUIPA and First Amendment free exercise claims where prisoner's *pro se* complaint alleged that prison officials infringed his practice in numerous ways); *Saleem v. Evans*, 866

7

F.2d 1313, 1316 (11th Cir. 1989) (per curiam) (noting in appendix to case that generally the court should "permit dismissal of a First Amendment claim only if it involves a religious claim so facially idiosyncratic that neither a hearing nor state justification of its regulation is required").

It is not entirely clear from Plaintiff's allegations which Defendants were directly responsible for making the decisions that limited his religious freedoms. Construing the pleadings liberally, however, the undersigned concludes that Plaintiff's § 1983 religious freedom claims shall proceed against Defendants Singleton, Ashley, Winnington, Lawson, and Cambell, and his RLUIPA claims shall proceed against Defendant Ward in his official capacity only, as described in more detail below.

### a. Section 1983 Claims

Turning first to Plaintiff's § 1983 claims, Plaintiff has named both the Baldwin State Prison and the Wilcox State Prison as Defendants in this action. Federal Rule of Civil Procedure 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities subject to suit: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)). Neither prison falls under any of these categories, and thus, they are not entities that may be sued under § 1983. *See id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas Cnty. Jail,* 280 F. App'x

930, 934 n. 1 (11th Cir. 2008) (per curiam); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Plaintiff's claims against the Baldwin State Prison and the Wilcox State Prison should therefore be dismissed.

Next, Plaintiff has not pleaded facts associating Defendant Brauner with any alleged violation of his constitutional rights. Plaintiff's § 1983 claims against this Defendant should therefore also be dismissed without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Plaintiff next contends that Defendant Ward is "legally responsible for the overall operation" of each GDC prison, including WSP. 2d Am. Compl. 2, ECF No. 7. These general allegations are not sufficient to state a cognizable claim against this Defendant. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (per curiam) ("Averhart's contention . . . that defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal."). The § 1983 claims against Defendant Ward, in his individual capacity, should therefore be dismissed.

Plaintiff has also named several wardens and deputy wardens at WSP as Defendants in this action, including Defendants Singleton, Ashley, Winnington, and Lawson. Compl. 3, ECF No. 1; 2d Am. Compl. 2, ECF No. 7. Plaintiff further states that he "talk[ed] to every administration from the head warden [to] the deputy warden," and they told him he

could "eat the food that they serve or starve to death." Compl. 4, ECF No. 1. Plaintiff also names Ms. Cambell, the "head kitchen steward" at WSP as a Defendant in this lawsuit and states that she is the prison official "responsible for the nutrition, health, and special diets at Wilcox State Prison." 2d Am. Compl. 2, ECF No. 7. These allegations are sufficient to permit Plaintiff's § 1983 claims against each these Defendants concerning the denial of his kosher diet to proceed for further factual development.

Plaintiff does not clearly allege who was responsible for denying him access to Jewish service or a rabbi. This case, however, "involve[s] claims relating to conditions or practices which, if they in fact do exist, would very likely be known to, or acquiesced in, by officials at a relatively high administrative level." *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981). Under such circumstances, the Eleventh Circuit has observed that it is reasonable for a *pro se* prisoner to name such "high ranking prison officials" who "are in a position to identify the individuals who are actually and directly responsible" for the alleged constitutional violations; even if these prison officials were not actually and directly involved, they may assert their noninvolvement and identify the responsible parties. *Brown v. Sikes*, 212 F.3d 1205, 1208-09 (11th Cir. 2000). In this case, Defendant Winnington appears to be the current warden at WSP, and he would presumably be responsible for making decisions and/or implementing policies regarding religious exercise at the prison. Given the Court's obligation to construe Plaintiff's *pro se* Complaint liberally, the undersigned will permit Plaintiff's claims that he was deprived of Jewish services and a rabbi to proceed against Defendant Winnington.

### b. RLUIPA Claims

Plaintiff has also raised RLUIPA claims against Defendants in this lawsuit. Proper defendants in RLUIPA actions include "States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law." *Sossamon v. Texas*, 563 U.S. 277, 282 (2011) (citing §2000cc-5(4)(A)). Plaintiff's RLUIPA claims may not proceed against any of the individual Defendants. *See, e.g., Hathcock v. Cohen*, 287 F. App'x 793, 798 (11th Cir. 2008) (per curiam) (noting that "RLUIPA does not create a private action for monetary damages against prison officials sued in their individual capacity"). Plaintiff's RLUIPA claims against all Defendants in their individual capacities are therefore subject to dismissal. Plaintiff has also named Defendant Ward as a Defendant in this action in his official capacity, however. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). Defendant Ward is the commissioner of the Georgia Department of Corrections, which is an entity capable of being sued for injunctive relief under RLUIPA. *See, e.g., Benning v. Georgia*, 864 F. Supp. 2d 1358, 1360 (M.D. Ga. 2012). Thus, Plaintiff's RLUIPA claims against Defendant Ward in his official capacity only shall therefore proceed for further factual development.

### B. Retaliation Claims

Plaintiff also briefly mentions that he has been "single[d] out" for negative treatment since he started complaining about the alleged deprivations of his constitutional rights. Compl. 4, ECF No. 1. It is well established that an adverse action imposed in retaliation

11

for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam). To prove a retaliation claim, an inmate must generally show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). In this case, Plaintiff does not identify any individual who took adverse action against him, nor does he plead facts demonstrating a causal link between his conduct and any adverse action taken against him. To the extent Plaintiff intended to raise any retaliation claims, such claims must therefore be dismissed. *Douglas*, 535 F.3d at 1321-22; *Gonzalez v. Archer*, 725 F. App'x 739, 742-43 (11th Cir. 2018) (per curiam) (affirming dismissal of retaliation claims as vague and conclusory where prisoner "did not present facts that plausibly support[ed] a causal connection" between his grievances, the defendants, and the adverse actions taken).

### III. Conclusion

In accordance with the foregoing, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 4, 8) are **GRANTED**, but his motion for appointed counsel (ECF No. 6) is **DENIED**. Plaintiff's § 1983 religious freedom claims shall proceed against Defendants Singleton, Ashley, Winnington, Lawson, and Cambell as described above, and his RLUIPA claims shall proceed against Defendant Ward in his official capacity only. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Ward, Singleton, Ashley, Winnington, Lawson, and Cambell, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The

Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each

party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED** this 26th day of April, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE